MSWordDoc Word.Document.8 MSWordDoc Word.Document.8 MSWordDoc Word.Document.8 Okay, the next argued case is number 161711. It's the Daron A. Jones against the Merit Systems Protection Board. Mr. Jones. Thank you, Your Honor. May I please the court? Daron A. Jones, Esquire for Petitioner Daron A. Jones. Before I begin, I would like to start by thanking this court for the tremendous opportunity to present oral argument in my case. I'm certainly aware that it is rare for post-say appellants to be provided, granted this opportunity. It is not one that I take lightly, and I'm very grateful for it. Thank you. We appreciate your coming to help us reach the right result. My presence here today is as attorney for petitioner, not as petitioner. I will be making arguments based on law, facts, and the record, and I do not anticipate, unless specifically requested by the panel, that I will be put in a position where I will be testifying as petitioner. There are three issues before the court, and all three should be found in favor of petitioner. First, this court should find that the clerk's February 23, 2016 letter is a final decision or final order of the board under 28 U.S.C. 1295A9. Second, this court should find that the board abused its discretion under 5 U.S.C. 7062A when it denied petitioner's motion to reopen based on oversight. And third, this court should find that the board committed clear and material legal error when it failed to consider this court's controlling Grigsby detrimental reliance and estoppel standard in its final decision. With respect to the first issue, this court in McCarthy held that it is not deprived of review of a board decision if it's in the form of a clerk letter. The court in McCarthy held that the letter issued in McCarthy was a substantive decision and that it had a real impact on Mr. McCarthy's rights. In the exact same manner, the February 23, 2016 clerk letter at issue here was a substantive decision that had a real impact on petitioner's rights, and it is certainly akin to a final order or final decision of the board. If you were to look at the letter in question under McCarthy, where this court decided that it was a final order or final decision of the board, the letter in McCarthy stated simply cited the board's own precedent in day, and the court found that to be akin to a final order or final decision of the board. And if you look at the letter in issue in petitioner's case, the clerk actually conducted a legal analysis of McCarthy, so this court's controlling precedent, and issued a legal holding. So it would defy logic if this court were to find that a simple reference to a citation in the McCarthy case did not equate to finding that the letter in petitioner's case is a final decision or the board. What is it, in your view, that distinguishes this case, let's say, from a case in which someone has filed, let's say, five successive requests for reopening, each of which is denied by a letter saying the case has been closed, it is closed, and it remains closed, and then wants to take that letter on appeal to the court of appeals? Would you argue that even that fifth denial by letter would be a final order that's reviewable? Or is there something different from that case in this case? I believe, Your Honor, you're getting to this court's analysis, McCarthy court's analysis in Haynes. Right. Which there were three clerk letters or motions to reopen in Haynes, and there are also three petitions to reopen or motions to reopen in petitioner's case. The clearly factual and distinguishable elements of the motions to reopen in Haynes and the motions to reopen in petitioner are in substance and time. The McCarthy court, in his opinion, labeled the motions to reopen in Haynes as, quote, informal. And during oral arguments in McCarthy, classified the motions to reopen as, quote, non-substantive and, end quote, end quote, baseless charges, end quote. An analysis, an easy analysis of petitioner's motion to reopen, there is no way, it's undeniable that they could be determined to be non-substantive and or baseless. They follow, provide a legal analysis with this court's precedent and also the board's own precedent, showing how the application of those precedents would result in a different outcome. And the timing is also critical, Your Honor, because petitioner's motions to reopen were, span a year of almost two years. And there was one motion to reopen right after the final decision was issued. And it provided much the same arguments as in the second and third motion to reopen that petitioner submitted. So to answer your question, Your Honor, it would be an analysis based on the timing and the substance of the motions to reopen of the appellant. So if the, in my hypothetical case, if the fifth motion that was filed was done in formal form with a motion to reopen and cited, even if it was the same authority that had been previously cited in the second through fourth request to reopen, it would still be, by virtue of its formality and its citation of authority, a final order when the clerk denied it by letter? Well, I think what's critical in your hypothetical, Your Honor, is that McCarthy was just decided. So I think the critical question to your question is, was McCarthy in effect at that time frame or was McCarthy not in effect at that time? Well, let's assume McCarthy's in effect. OK, well, then to me, the petitioner would argue that there would be no need for the five consecutive letters, either formal or informal, because that petitioner could use the first letter under McCarthy analysis and come to this court for- But assume that he didn't. Assume that the petitioner didn't appeal the first four, but then sought to appeal the fifth. Those facts are distinguishable from the facts at issue in Haines and petitioner's case and in McCarthy. And I think what's critical to understanding is that McCarthy showed that the substance of the letters and the timing of the letters is critical. And petitioner's case clearly is factually distinguishable in substance and timing. And there is nothing in McCarthy or in Haines that would predispose this court's review based on that analysis. With respect to the second issue, this court in McCarthy held that it has jurisdiction to review a board's denial of a motion to reopen premised on a change in law under 5 U.S.C. 706-2A. And petitioner argues that that same analysis that the court followed in McCarthy under the Supreme Court's INS decision and the board's own precedent of Olson should be followed in petitioner's case for a motion to reopen that was denied based on oversight. But how is that a change in the law? Excuse me, Your Honor? How is that a change in the law? You're not making an argument as far as I can tell that the law has changed and that that would have necessitated reopening. As petitioner argued in his brief and his reply, it was this court's precedent in McCarthy and his issue that precipitated the third motion to reopen without the Court of Appeals establishing that it has jurisdiction to review the clerk's denial of a motion to reopen. As petitioner noted in his case, there would have been no motion to reopen, no third motion to reopen, and hence the petition would not be here today. So if the court were to use a separate analysis to find under 706-2A that it somehow doesn't have authority to review, jurisdiction to review, a clerk letter denying a motion to reopen, that would be contrary to this court's McCarthy holding, it would be contrary to the Supreme Court INS, and it would be contrary to the board's own precedent in Olson. In addition, it would establish some false hierarchy in Olson between a motion to reopen premised on oversight and a motion to reopen premised on a change in law. Your principal point here is oversight, right? That's what you're really relying on, not so much change in law as I understand your brief. Yes, Your Honor, oversight. All three of the petitioner's motions to reopen were based on oversight. Also, it's critical to note that the board in its brief did not rebut or present any argument against the court applying 706-2A or saying it didn't have the authority to apply 706-2A for a motion to reopen, so the board has conceded that point and the second jurisdictional hurdle has been met. With respect to the third issue, this court should find that the board committed clear and material error when it failed to consider the court's Grigsby detrimental reliance precedent. First, the board's sole reliance on Campion to say that the petitioner did not establish detrimental reliance is erroneous. There is nothing in Campion that would establish, excuse me, Campion did not overrule Grigsby in any manner. There is no mention of Grigsby whatsoever in Campion, and the facts of Campion are plainly distinguishable from the facts in the petitioner's case. Mr. Campion did not at any time argue detrimental reliance or estoppel or even Grigsby, yet the board uses Campion to dismiss petitioner's detrimental reliance and estoppel claims under Grigsby. Further, this court in Campion plainly held that Campion was a case of statutory interpretation. There is no issue of statutory interpretation in petitioner's case, and Campion plainly does not apply. What does apply is this court's Grigsby detrimental reliance and estoppel precedent that neither the board nor this court apply to specific facts and circumstances of petitioner's case. Petitioner is arguing that there is a conflict of laws between this court's precedent in Campion and this court's Grigsby precedent. There should be no vital mechanism for petitioner to use the exact same specific facts and circumstances of his case under Grigsby that would warrant a different result than is shown under Campion. There is a conflict of laws between Campion and Grigsby that must be resolved by this court. Petitioner further argues that if somehow the court decides that petitioner's arguments regarding Grigsby are wrong or erroneous, then under Federal Circuit Rule 35A1, petitioner respectfully requests an en banc review of Grigsby to specifically overrule Grigsby, so that no other appellant or petitioner will have to endure over four years of manifest injustice that Grigsby was specifically issued for the harm that Grigsby was specifically issued to prevent. A critical distinction as well, Your Honor, is that in the board's brief, and also in the final decision below before the board, there is the statement that the board's jurisdiction cannot be expanded, and they're under Campion. And as petitioner has repeatedly argued, that there is no unlawful expansion of the board's jurisdiction in his case. The proper application of this court's Grigsby, detrimental lines, and estoppel standard would properly fine jurisdiction under Chapter 7511B8. So any argument saying that there is an unlawful expansion of jurisdiction is false. Also, Your Honor, this is not the first time that this court has evaluated the detrimental lines and estoppel standard in Grigsby. This court in Anderson reviewed the detrimental lines and estoppel standard in Anderson and found that those petitioners could not prevail with their estoppel argument. Those petitioners were basing a subjective thought that they only thought that they were appointed under a separate, different hiring authority than they actually were. They had no evidence, no basis whatsoever to support their purely subjective thoughts. And certainly, Anderson would appear to be frivolous claims, and yet this court established a precedent under Anderson saying that you cannot use, that using the detrimental lines and estoppel standard to say that you can't create a forum, and there's no such creation of forum in petitioner's case. Again, there's no unlawful expansion of jurisdiction in petitioner's case. Under this court's analysis, which it is required to follow, the proper application of Grigsby would follow the proper lawful jurisdiction under 7511B8. And that has not been done. It has not been done by the board, and respectfully, it has not been done by this court. And that is what petitioner is respectfully requesting, is an analysis that distinguish Grigsby to his case. The facts of petitioner's case are almost exactly like the facts in Grigsby. However, neither the board nor this court will evaluate that controlling precedent, and that is in error. And that is why petitioner is back here today. Let's hear from the board, and we'll save you rebuttal time. Mr. Gallagher. Yes, may it please the court. This court should dismiss Mr. Jones' appeal because the correspondence that he received from the MSPB's clerk was not a final decision. It was not a final order. And therefore, this court does not have jurisdiction. If it's not final, then all we need is a final order, and you're saying then we would have jurisdiction? Yes. In fact, this MSPB issued a final decision in Mr. Jones' case back in 2013, and Mr. Jones appealed. This court had jurisdiction. Mr. Jones appealed. The court heard the same arguments he made today about estoppel, and the court affirmed the final decision of the MSPB. So let's say that after these successive appeals, which have been dismissed just by a letter from the clerk, let's say that a successor board, in reviewing the record sufficiently, because it's a clear government mistake. Nobody disputes that there have been 10 years of governmental error on which one has no argument, but that it was reasonably relied on by everyone, by the government and by Mr. Jones. So let's say that by the third or so requests to review, the board thought that maybe, in fact, the government did have some responsibility for its own mistake of some sort. Is your position that it's too late for the board to second-guess itself? The board could reopen, and if it did so, it would create a new decision which would become final and reviewable by this court. If the board could reopen, why can't the refusal to reopen be appealed? Well, first let me point out that this letter from the clerk does not state that it's denying the request to reopen. You're saying that there would be a successive final decision following that letter of the clerk? The clerk said, go away? You're saying there's something still going on in the board after that letter from the clerk? No. No, what the clerk said was there is no right. So you already decided? The board made its decision back in 2013 and issued a final decision which was appealed to this court, which affirmed. Mr. Jones even asked for a rehearing, and that was denied by this court. Then he went to the Supreme Court, which denied his petition for certiorari. So this case has been litigated to the Supreme Court, and yet we're back here, and the same arguments are being made today that were made back in 2015 in this court. That was my question. At this stage, did the board have authority to reopen and review the past decision? You mean today? Could the board reopen today? Well, when the last letter to the clerk, where the clerk said we decided this years ago. In theory, the board could reopen at any time on its own motion. But as the MSPB clerk told- But not on Mr. Jones' motion? It has to be its own motion?  Often, the most common circumstance is a party will file an administrative petition for review with the board, and in going through that petition for review, they find that the litigant, who is often pro se, has not identified any legal error. But then the board will do its own review, a complete review, and if it finds error in the initial decision from the administrative judge, then the board may, and this is the most common scenario, reopen on its own motion. So it's often prompted by a filing. It's normally the petition for review filed to the board that would prompt the reopening. You're saying they could reopen on their own motion, but not at Mr. Jones' request? Mr. Jones' request may prompt it, but it would ultimately be on the board's own motion. In fact, there's nothing by law or regulation that provides for a request for reconsideration to the board. In fact, there's only one individual who has that right by law and regulation, and that is the director of the Office of Personnel Management, who by law can request that the board reconsider its decision and reopen its decision. But no other party, not Mr. Jones, not even agencies, have the right to ask for a case to be reopened. In Haines, this court started with the language of its jurisdictional statute and found that it must be a final decision or final order from the MSPB for this court to have jurisdiction. Then the court went on in addressing, well, what is the final decision? The court deferred to MSPB regulations, and MSPB regulations do not provide for a petition for reconsideration by any party. A final decision is defined as one that's either an initial decision that 35 days have passed and it becomes final, or a petition for review has been filed with the board and the board has issued a decision, but there's no petition for reconsideration. The court in Haines said that it would fly in the face of those regulations, that's the language this court used, to treat correspondence from the MSPB clerk as a final decision. In Haines, the court dismissed for lack of jurisdiction, which is what we're asking the court to do in this case. What do you see as the scope of the McCarthy exception, if you want to call it that, to the Haines rule? It seems to be an extremely narrow exception, and several times in the decision the court says, under these specific circumstances, and the specific circumstances are extraordinary, because not only is there an intervening change in the law, but there's also a decision that finds that intervening change, these whistleblower amendments passed by Congress, that finds this change in the law to be retroactive to all pending cases. And Mr. McCarthy's case was one of those pending cases. Well, but suppose that someone comes in and says there hasn't been a change in the law. The board looks at it and says, we don't think so. The first question for us is, do we have jurisdiction when an appeal is taken to us from that decision by the board? And McCarthy, since McCarthy refers to a case in which there's an allegation of a change in the law, that would seem to me, under McCarthy, to give us jurisdiction, would it not? So that's certainly one of the elements in McCarthy. There would need to be an intervening change in the law. Well, the question is, does it actually need to be an intervening change for sure, or is it enough for the petitioner to say there's been an intervening change? In other words, put it this way, from our perspective, do we need to decide the question of whether there actually has been an intervening change in the law in order to decide the preliminary question of whether we have jurisdiction over the appeal? Well, in McCarthy, the court seemed to do that, seemed to decide that this was an intervening change in the law, although I don't think there was any dispute, because Congress had passed the Whistleblower Protection Enhancement Act amending the law, and there was also no dispute that this was retroactive. So I think at least two of the elements, there's really at least three elements here. There's an intervening change in the law. That intervening change in the law would have to apply to the person asking for the case to be reopened. In McCarthy, there was retroactive effect, which is not always the case. And the third thing the McCarthy court pointed out was that this was the first motion or request to reopen the case. Here with Mr. Jones, this is his third request to reopen. Mr. Jones puts a lot of weight on Olson's statement about oversight. And Olson, which is not one of our cases, one of the MSPB cases, talks about oversight or a change in the controlling law, seeming to allow for two McCarthy-type exceptions, one for change in the controlling law and one for oversight. In McCarthy, it seems we went to great pains to say this is only about a change in the law, and whether we have jurisdictions to review motions to reopen premised on other grounds will not be decided today.  So I think the court was well aware of Olson's statement about two possible exceptions to Haines, namely oversight and a change in the law, as articulated by the board in Olson. And in McCarthy, we validated the change in the law exception, and we did not address, expressly didn't address the oversight exception. Do you think that we need to do that in this case? And if so, how would we do it? I don't think the court needs to reach the issue of oversight in this case. A typical oversight, that's the whole purpose of judicial review. That's why Congress believed that there needed to be judicial review over MSPB decisions, because every so often there would be an oversight. And the board itself, if it's considering whether it missed something, might reopen. But that's different from what this court would use as a jurisdictional standard. The board has discretion to reopen on its own motion at any time, and so a mere oversight. And in looking at those decisions, the oversight is almost always because there was some change in the law, either a decision that came out that maybe the board missed or a statutory change. So in reality, it's normally that there's some change in the controlling law that was not reflected in the board's final decision, and that's why the board reopens on its own motion. But looking at it from the perspective of this court's jurisdiction, it makes sense that this court would take a very narrow view of when it has jurisdiction over a letter from an MSPB clerk, because public policy does not favor endless litigation. And this case is an example of that. We have a litigant who has litigated his case all the way to the Supreme Court, and yet we're back here. And that goes against the importance of finality and judicial economy and all these principles that are discussed when courts discuss res judicata, the problem with re-litigation. The fact that it was a letter doesn't really matter, does it? I mean, suppose that every one of these decisions by the board saying this case is over had been in the form of a brief order from the board itself. It wouldn't have made any difference, would it, in terms of our jurisdiction? I think that's correct, because even if it was – well, if it was from the board itself, it would be arguably a decision. So I think that's why it's – the clerk's letter is an informational letter, a response to an inquiry about a case. But suppose it was – I mean, I'm troubled by the notion that there can be a jurisdictional difference depending on which officer of the agency signs the piece of paper that disposes of the claim. I mean, if you're right that this third request for effectively the same relief is duplicative and therefore as such falls under Haines, I can't see why it would matter if that's signed by the chairman of the board, the clerk, or by some other officer within the agency that is assigned the task of disposing of repetitive requests for relief. You know, it's generally seen as a ministerial role, and that's why the clerk would do it. Well, I understand that's the practice, but I'm trying to see whether there's any legal significance to the fact that it's the clerk as opposed to the board, and your last answer gave me some pause because it suggested there was or might be. Well, I suppose it depends on the language, too. If the language is your case is closed, we issued a final decision on this date, this was reviewable by the United States Court of Appeals for the Federal Circuit, that would be very similar to what the clerk does. All right, and suppose what they said instead was we have the authority to reopen cases on our own motion. We've looked at this case very closely, and we've read all your authorities in your brief with care, and we've decided that this is not a case in which we feel it's necessary or appropriate for us to exercise our discretion to reopen the case, period. Is that somehow converted into a final order for purposes of our jurisdiction, or does it remain a ministerial dismissal? Well, under Haynes, the court looked to MSPB regulations to find the definition of a final decision, and since there's nothing like what you're describing in the regulation, it would not qualify. Okay. Accepting petitioner's argument would deprive the administrative process and this court's review of finality. It would be possible to reopen the process even after someone has litigated their case all the way to the Supreme Court to start the ball rolling all over again. And it's also contrary to the language of the jurisdictional statutes that give this court jurisdiction to review MSPB decisions, 28 U.S.C. 129589 and 5 U.S.C. 7703B1. Because the clerk's correspondence does not constitute a final decision under the regulations of the board, we ask this court to dismiss. But Mr. Jones says that's legal error. You're saying that an agency is immune from review of legal error? No. No, in fact, Congress provided for judicial review and Mr. Jones took advantage of that. But you just said this is not reviewable because it was signed by the clerk? It's not reviewable because under MSPB regulations, it's not a final decision or final order of the MSPB, and in fact- So you're telling us that an administrative agency can avoid judicial review by saying this is not final? School's out. There's no place for Mr. Jones to go after he gets that letter. But you're saying we announced this is not a final decision because our clerk signed it and therefore is immune from judicial review? There is a substantive right at stake here. You could say it's been previously decided it's first judicata. That's a different point than the point I think you're making. You're saying it can't be reviewed not because it's first judicata but because the clerk signed it. Actually, that's exactly right. There's not two decisions here. In order for there to be first judicata, there would need to be two decisions involving the same claims or the same issues. There's not two decisions here. There's one final decision that was issued in 2013. Then there's a letter from the clerk responding to Mr. Jones' correspondence and informing him there is no right to reopen at the board. There is no petition for reconsideration in the MSPB regulations for any party other than the director of OPM. That's why this case should be dismissed for lack of jurisdiction. It's simply not a final order or decision. There already has been a final order and decision in his case, which he has appealed to this court. There has been judicial review. So the MSPB is not claiming that Mr. Jones is not entitled to review. But what I hear you're saying is that this court has no authority to agree with you, that it just ended with that letter from the clerk. Well, the court can certainly issue a decision addressing its own jurisdiction. The court has jurisdiction to address its jurisdiction and can address Mr. Jones' arguments that this letter gives the court jurisdiction. I'm not sure if I'm completely understanding the question. Well, I think your answer to Judge Newman's question is, yes, the court doesn't have jurisdiction to address the merits of Mr. Jones' case. Not to address the merits, but to determine whether he has the right to request review from the board, which is the question before. You're saying he can't even request review either from the board or from us. Well, I think the court can certainly look at the board's regulations and see whether there is a right to request reconsideration. And, in fact, there is no right. There is one individual who has that right. And it's not Mr. Jones. It's the director of the Office of Personnel Management. And the court certainly has jurisdiction to address its own jurisdiction. But to get into the merits, which this court has already reviewed, that would be beyond the court's jurisdiction because this letter is not a final decision. Okay. Let's give Mr. Jones the last word. Okay. Thank you, Your Honor. This court's precedent is controlling on the board. The board has no discretion whether they follow it or not. Petitioner humbly argues that there will never be, never, a more persuasive oversight case than petitioner's. The board expressly and unequivocally admits that it failed to cite or distinguish Grigsby in its final decision, even though it is undisputed that petitioner argued Grigsby before the board. Further, nowhere in the board's brief or on the board's brief in the underlying appeal did the board argue that it would have come to the same result if it did apply Grigsby. Nowhere. Petitioner is humbly asking for the board to apply this court's controlling precedent. There is a conflict of laws between this court's decision in Campion and this court's Grigsby decision that must be corrected. It must be. Or there are going to be other petitioners, other appellants, who are going to suffer the same manifest injustice that petitioners suffered for more than four years that Grigsby specifically sought to prevent. Unfortunately, this court, it's not uncommon that either this court or the board would conduct oversight that resulted in clear material legal error. Just two months ago, Judge Dyck, in his dissent in Rosario Fabregas v. MSPB, stated that this court and the board failed to follow this court's controlling precedent. And it's very likely, certainly possible, that since the panel for a hearing on Blanc for Rosario Fabregas was just denied on Friday, November 4th, it's certainly possible that the court will be entertaining this exact same discussion eight to ten months from now. Do you think you're familiar with the Supreme Court's decision in Office of Personnel Management against Richmond? Yes, Your Honor. That is often cited as bearing heavily on the question of estoppel of the government, particularly in personnel cases, which that case was, of course. Do you think that that case effectively deprives Grigsby of any continuing authoritative force, to the extent that Grigsby is what said that Grigsby might have a claim except for the facts of this case of estoppel? But do you think that Richmond undermines Grigsby in any way, or that Grigsby survives, that language from Grigsby survives Richmond? Petitioner argues that Grigsby absolutely survives. The facts in Grigsby were such that was Mr. Grigsby a probationary or a non-probationary employee? The facts in Petitioner's case is whether he was a probationary or a non-probationary employee. Grigsby governs Petitioner's case. Campion does not. There is no issue of statutory interpretation. The question that I'm looking to you to answer is whether the intervening decision, Grigsby's was a 1984 case, I think, from this court. In 1990, the Supreme Court in the Richmond case said, in effect, in these employment situations, this is maybe too loose a characterization, but for brevity, there is no estoppel of the government. But that was specifically for a money mandating clause that money cannot be dispensed from the Department of Treasury unless per statute. There is no request for money damages here. The request is for Petitioner's right to meet his burden for jurisdiction before the board. Petitioner is being withheld from even being able to meet his burden to meet for jurisdiction because neither this court nor the board will apply Grigsby. Grigsby has not been overruled. Grigsby must be followed. If the board wants Grigsby to be overruled, the board should submit a petition for en banc, for this court to overrule Grigsby, just as Petitioner has requested under 35A1 if this court rules against Petitioner today, so that no other petitioner, whether he or she is an attorney or not, will read Grigsby, use a reasonable interpretation, plain meaning interpretation of what is in Grigsby, to try to establish meet his or her burden before the board of jurisdiction. Real quick, Your Honor. Petitioner argues that remand is not necessary in this case, actually, if the board applied the controlling Grigsby precedent just as it did in Anderson, also during the Detriment Alliance and Estoppel precedent in Anderson, and also the affirmative misconduct analysis that it did in Richmond that was overruled in OPM v. Richmond, the court could find that Petitioner was not, in fact, a probationary employee. And at that very moment, Petitioner's wrongful termination should be reinstated because it is undisputed that Petitioner did not receive the constitutional due process rights of notice and an opportunity to respond. So remand is not required. And this court could actually reinstate Petitioner with a ruling following Grigsby in this case. I think it's time to wrap it up. Is there anything else you need to tell us? Certainly that ratios cut and collateral estoppel do not apply. It would be absurd to apply ratios cut and collateral estoppel, which would be contrary to Olson, and also petition for panel re-hearing functions are the same as a motion to reopen and to automatically preclude a petition panel for re-hearing on bonk re-hearing under ratios cut and collateral estoppel flies in the face. We've got the purpose of those very mechanisms. And there is no way that the clerk's letter of February 23rd, 2016, is administrative or ministerial. That cannot be held. The letter here, it would defy logic if the court did not find that this is a final order of final decision of the board when a one-sentence citation in McCarthy was found to be a final order of decision of the board. Thank you, Your Honor. Any more questions for Mr. Jones? Okay, thank you. Thank you both. The case is taken under submission. That concludes the arguments this morning. Thank you. All rise. The Honorable Court is adjourned from day to day.